Filed 8/4/16  P. v. Martinez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B264206 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA067027) |
| v. | |
| SASHA MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael K. Kellogg, Judge.  Reversed and remanded.

Caneel C. Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \*

Defendant Sasha Martinez appeals from the order denying her application under Proposition 47 (The Safe Neighborhoods and Schools Act; Pen. Code, § 1170.18)[1] to have her 2011 felony conviction for acquiring and retaining access card account information under section 484e, subdivision (d) reclassified as a misdemeanor. On July 12, 2011, defendant entered a no contest plea to a section 484e, subdivision (d) violation, and admitted a prior prison term for a 2007 burglary conviction. She was sentenced to a total of four years, consisting of three years for the section 484e, subdivision (d) violation, and an additional year for her prior prison term.

On March 9, 2015, after serving her sentence, defendant filed an application to have her "credit card theft" conviction reduced to a misdemeanor. The trial court heard and denied the petition on May 12, 2015, finding that Proposition 47 does not apply to a conviction under section 484e, subdivision (d). This appeal timely followed.

On appeal, defendant contends she is eligible to seek reduction of her conviction to a misdemeanor because Proposition 47 reduced all nonviolent theft offenses under $950 to misdemeanors. Respondent contends the trial court correctly found Proposition 47 does not apply to a section 484e, subdivision (d) conviction.

There has been a split of authority among the Courts of Appeal on this issue, and the Supreme Court has granted review. (See, e.g., *People v. Cuen* (2015) 241 Cal.App.4th 1227, 1231-1232, rev. granted Jan. 30, 2016, S231107 [holding that Proposition 47 does not apply to convictions under § 484e, subd. (d)]; *People v. Grayson* (2015) 241 Cal.App.4th 454, 460, rev. granted Jan. 20, 2016, S231757 [same]; compare with *People v. Romanowski* (2015) 242 Cal.App.4th 151, 159, rev. granted Jan. 20, 2016, S231405 [this division found that violations of § 484e, subd. (d) involving property that does not exceed $950 in value may be reduced to a misdemeanor under Proposition 47]; *People v. Thompson* (2015) 243 Cal.App.4th 413, 419, rev. granted Mar. 9, 2016, S232212 [same].)

---

[1]     All further statutory references are to the Penal Code.

We believe our opinion in *People v. Romanowski*, *supra*, states the better view. Violations of section 484e, subdivision (d) involving property not exceeding $950 in value may be reduced to a misdemeanor under Proposition 47.  (See §§ 490.2, subd. (a), 484e, subd. (d), 1170.18, subd. (b).)  Accordingly, we reverse the order denying the application and remand with instructions to hold a hearing to determine whether defendant satisfies the criteria for reclassification of her conviction to a misdemeanor under section 1170.18.  We express no view as to how the trial court is to assess the value of the access card information upon remand, as this issue was never presented to the trial court given its summary denial of defendant's application.

## DISPOSITION

The judgment is reversed and the matter remanded for the trial court to determine whether the value of the property involved in defendant's conviction pursuant to section 484e, subdivision (d) did not exceed $950, and whether defendant otherwise meets the eligibility requirements of section 1170.18.  If defendant qualifies for reclassification, the trial court shall reclassify her conviction pursuant to section 1170.18.


GRIMES, J.

I CONCUR:


FLIER, J.

**People v. Martinez**

**B264206**

**Bigelow, P.J., Dissenting:**

I respectfully dissent to the majority's conclusion that Proposition 47 (Prop 47) applies to section 484e, subdivision (d)**2** (484e(d)), prohibiting the possession of an access card or account information. I agree with those cases which find that section 484e(d) is not within the ambit of Prop 47.

Prop 47, "The Safe Neighborhoods and Schools Act," (the Act) reduces the punishment for a number of theft and drug related offenses. It went into effect the day after the voters approved it in the general election on November 4, 2014. (Cal. Const., art. II, § 10, subd. (a).) Section 484e(d) is not among the enumerated crimes to which the Act applies. Appellant contends his offense is reducible based on another new statute brought about by Prop 47, section 490.2. It states: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft *where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950)* shall be considered petty theft and shall be punished as a misdemeanor . . . ." (§ 490.2, subd. (a), italics added.)

Section 484e(d) provides that "[e]very person who acquires or retains possession of access card account information with respect to an access card validly issue to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft." Section 484e(d) thus defines a possession-based crime, not a theft-based crime contingent on the value of the money or property taken. (*People v. Molina* (2004) 120 Cal.App.4th 507, 512 (*Molina*).) The value of the access card account information is not an element of the crime defined by section 484e(d). To prove a violation of section 484e(d), *there need not be any "financial, legal or property loss . . . ."* (CALCRIM No. 1952, italics added.) Section 484e(d) criminalizes the

---

**2**      All further section references are to the Penal Code.

1

possession of access card account information with the intent to use it fraudulently; it does not criminalize the use of access card account information to acquire something of value. Indeed, to violate the statute, the access card to which the account information relates need not be currently valid. (*Molina, supra,* at p. 514.) This is in contrast to section 484g, which renders it grand theft for a defendant to use an unlawfully procured access card or access card account information to obtain money, goods, services, or anything else of value, if the value of such money, goods, services, or anything else of value exceeds $950 in any six-month period.

I acknowledge that section 490.2 expressly applies to all crimes "defining grand theft." But its reference to section 487 and "any other provision of law defining grand theft" is expressly made in conjunction with language referring to crimes where a person obtains property that has a readily quantifiable value, i.e., "money, labor, or real or personal property." As I have pointed out, the crime of possessing access card account information has never required proof of loss. This is because the Legislature was not seeking to protect consumers from the theft of property valued by reference to "money, labor, real or personal property" when it enacted section 484e(d). Instead, "[t]he Legislature intended to criminalize all fraudulent account access by means currently available or that might become technologically available in the future. [Citation.] . . . [T]he Legislature intended to criminalize any means to fraudulently access an account either alone or in conjunction with other access devices. [Citation.]" (*Molina, supra*, at p. 514.) In other words, the Legislature meant to criminalize the mere acquisition or possession of access card account information with fraudulent intent "to provide broad protection to innocent consumers[,]" (*id.* at p. 519), irrespective of the potential or actual monetary loss to the victim. As a result, the *value* of a defendant's acquisition or possession of access card account information is simply not an element of the crime. To attempt to put this crime in the category of those reducible by Prop 47 is like trying to put a proverbial square peg in a round hole.

2

Including violations of section 484e(d) under the rubric of Prop 47 adds an entirely new element to the crime – that of somehow assigning a value to the access card account information taken or possessed.  There is no language in sections 490.2 or 1170.18 that indicates a legislative intent to punish violations of section 484e(d) according to some valuation and there is no language directing how to make such valuation.

Based on the plain language of section 484e(d), I would conclude the possession of access card account information—which is not the theft of property that can be valued by reference to money, labor, or real or personal property—does not qualify as a crime that may be reduced to a misdemeanor under Prop 47.

BIGELOW, P. J.

3